Dear Mr. Wall:
This office is in receipt of your request for an opinion of the Attorney General relative to conditions applicable to the denial, suspension, and/or revocation of an insurance agent license. You indicate that R.S. 22:1114(L) enumerates conditions under which the Commissioner "shall" refuse to issue a license, and R.S.22:1115 enumerates conditions under which a license "may" be suspended or revoked. You conclude the provisions of R.S.22:1114(L) are mandatory by the use of the term "shall", whereas the provisions of R.S. 22:1115 are permissive in light of the term "may". You state you are seeking an opinion from this office as to whether the provisions of R.S. 22:1114(L) or R.S. 22:1115
should apply in the following situations:
 1. An application submitted by an individual or entity that has never been licensed as an insurance agent in this state;
 2. An application submitted by an individual or entity who possesses an insurance license and is seeking to renew that license pursuant to LSA-R.S. 22:1113E(1)(a);
 3. An application submitted by an individual or entity that was licensed as an insurance agent at one point and the individual or entity is seeking to reinstate their insurance agent license within the three year "grace period" provided in LSA-R.S. 22:113E(3)(b) [22:1113E(3)(b)];
 4. A situation in which a licensed agent is convicted or pleads guilty to a criminal violation or a violation of the insurance code.
We feel a distinction between issuance or renewal of a license, and a proceeding to suspend or revoke a license must be made in connection with the scenarios you present. In this regard we find it pertinent to note that Title 22, the Insurance Code, Part XXIV, is entitled "Qualification and License Requirements for Insurance Agents, Brokers, Surplus Lines Brokers, and Solicitors". Section 1113 is entitled "Requirements; general license; penalties; validity of contracts", and is followed by Section 1114, "Requirements; additional"; and then Section 1115, "Suspension or revocation; license; fines".
In addition to the titles, it is clear that R.S. 22:1115 cannot apply to an application submitted by an individual or entity that has never been licensed as an insurance agent in this state. That provision provides for a license that "may be suspended or revoked" after a hearing when the commissioner finds any of the enumerate situations of the provision exists. Therefore, a license must have already been issued and during the effective period of the license there is a hearing to suspend or entirely revoke that existing license.
We do not find that R.S. 22:1115 is applicable to your second or third scenario of an applicant seeking a renewal but, as observed above, that statute pertains to a proceeding to suspend or revoke an existing license. R.S. 22:1114(L) states when the commissioner of insurance determines that the applicant has not fully completed the requirements for licensing, he shall refuse to issue the license. He must notify the applicant in writing stating the grounds for the refusal, and this would include an application for renewal.
R.S. 22:1115 provides a license may be suspended or revoked by the commissioner if, after notice of hearing, he finds "the conviction of the licensee or a plea of nolo contendre of the licensee to any felony, participation in a pretrial diversion program pursuant to a felony charge, or conviction of any misdemeanor involving moral turpitude or public corruption", or "knowingly violates or fails to comply with any insurance law, or knowingly violates any lawful rule, regulation, or order of the commissioner".
Similarly, under R.S. 22:1114(L) the commissioner shall refuse to issue the license on the grounds of "the conviction or nolo contendre plea to any felony, participation in a pretrial diversion program pursuant to a felony charge, or conviction of any misdemeanor involving moral turpitude or public corruption", or "the violation of the insurance law of this state".
Therefore, R.S. 22:1114 and 22:1115 would be applicable to your fourth situation where a licensed agent is convicted or pleads guilty to a criminal felony violation or misdemeanor involving moral turpitude, or a violation of the insurance code. Thus, this conduct would be a basis to deny an application for a license, renewal of a license, or the suspension or revocation of an existing license.
We hope this sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI:BBR:glb